# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

## DOCKETING STATEMENT

| | |
|---|---|
| Appeal Number | 24-6063 |
| Case Name | State of Oklahoma v. United States Department of Health and Human Services, et al., |
| Party or Parties Filing Notice of Appeal Or Petition | State of Oklahoma |
| Appellee(s) or Respondent(s) | United States Department of Health and Human Services, Xavier Becerra, Jessica S. Marcella and Office of Population Affairs |
| List all prior or related appeals in this court with appropriate citation(s). | N/A |

**I.     JURISDICTION OVER APPEAL OR PETITION FOR REVIEW**

**A.     APPEAL FROM DISTRICT COURT**

   **1.**   Date final judgment or order to be reviewed was **entered** on the district court docket: 3/26/2024

   **2.**   Date notice of appeal was **filed**: 4/1/2024

   **3.**   State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other authority):
   60 days - Fed. R. App. P. 4(a)(1)(B)

      **a.**   Was the United States or an officer or an agency of the United States a party below? Yes

      **b.**   Was a motion filed for an extension of time to file the notice

of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal: No

4. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   a. Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

   b. Has an order been entered by the district court disposing of any such motion, and, if so, when?

5. Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. No

   **(If your answer to Question 5 is no, please answer the following questions in this section.)**

   a. If not, did district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?
      No

   b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)? Yes

   c. If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable?

6. Cross Appeals.

   a. If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

   b. If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th

Cir. 2010) (discussing protective or conditional cross appeals). _____

**B. REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

1. Date of the order to be reviewed: _____

2. Date petition for review was filed: _____

3. Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: _____

4. Specify the time limit for filing the petition (cite specific statutory section or other authority): _____

**C. APPEAL OF TAX COURT DECISION**

1. Date of entry of decision appealed: _____

2. Date notice of appeal was filed: _____

   (If notice was filed by mail, attach proof of postmark.)

3. State the time limit for filing notice of appeal (cite specific statutory section or other authority): _____

4. Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a) _____

II. **ADDITIONAL INFORMATION IN CRIMINAL APPEALS**.

    A.     Does this appeal involve review under 18 U.S.C. § 3742(a) or (b) of the sentence imposed? _____

    B.     If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? _____

    C.     Describe the sentence imposed. _____
_____

    D.     Was the sentence imposed after a plea of guilty? _____

    E.     If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges? _____

    F.     Is the defendant on probation or at liberty pending appeal? _____

    G.     If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed? _____

    **NOTE**:     In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

**III.   GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW**.

The State of Oklahoma seeks judicial review of a decision by Defendants to suspend and terminate Oklahoma's Title X grant funding, in the amount of $4.5 Million per year. Oklahoma asserts that the decision violates the Spending Clause of the U.S. Constitution, federal statutory law, and the Administrative Procedures Act. Defendants terminated Oklahoma's grant funding because Oklahoma could not comply with a regulation requiring Oklahoma to provide abortion counseling and referrals due to a state law that came into effect after the Supreme Court's decision in Dobbs v. Jackson Women's Health Organization, 597 U.S. 215 (2022). Because Oklahoma faced the loss of another $4.5 Million in funding in April 2024, Oklahoma filed a Motion for Preliminary Injunction. After a hearing conducted on March 26, 2024, the Western District of Oklahoma denied Oklahoma's Motion. Oklahoma filed this appeal on April 1, 2024.

**IV.   IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below.** *See* **10th Cir. R. 3.4(B).**

Whether the District Court improperly denied Oklahoma's Motion for Preliminary Injunction when Title X prohibits program funds from being used in programs where abortion is a method of family planning, where the Weldon Amendment prohibits Defendants from enforcing their regulation, and where the District Court improperly relied on res judicata to deny the Motion.

Whether the District Court improperly denied Oklahoma's Motion for Preliminary Injunction when the Title X statute is ambiguous about abortion counseling and referrals and Defendants violated the Spending Clause by imposing a funding condition that was not unambiguous and clearly required by statute.

Whether the District Court improperly denied Oklahoma's Motion for Preliminary Injunction when the decision of Defendants-Appellees was arbitrary and capricious.

**V.  ATTORNEY FILING DOCKETING STATEMENT:**

Name: R. Tom Hillis          Telephone: 918-587-6800

Firm: Titus Hillis Reynolds Love

Email Address: thillis@titushillis.com

Address: 15 E. Fifth St., Ste. 3700, Tulsa, OK  74103

/s/ R. Tom Hillis                              4/5/2024

Signature                                       Date

**NOTE:** The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF can be found on the court's website, www.ca10.uscourts.gov.

The Docketing Statement must be accompanied by proof of service. The following Certificate of Service may be used.

## CERTIFICATE OF SERVICE

I, R. Tom Hillis, hereby certify that on
[attorney for appellant/petitioner]

4/5/2024, I served a copy of the foregoing **Docketing Statement**, to:
[date]

Appellees/Respondents, at
[counsel for/or appellee/respondent]

Michael Patrick Clendenen - michael.p.clendenen@usdoj.gov

Alexandra Rachel Saslaw - alexandra.r.saslaw@usdoj.gov

_____, the last known address/email address, by email.
[state method of service]

/s/ R. Tom Hillis
Signature

4/5/2024
Date

Titus Hillis Reynolds Love
15 E. Fifth St., Ste. 3700, Tulsa, OK  74103
(918) 587-6800
thillis@titushillis.com
Full name and address of attorney