## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

1.  STATE OF OKLAHOMA,

    *Plaintiff-Appellant*,

v.

1.  UNITED STATES
    DEPARTMENT OF HEALTH
    AND HUMAN SERVICES;

2.  XAVIER BECERRA, in his
    official capacity as the Secretary of
    the U.S. Department of Health and
    Human Services;

3.  JESSICA S. MARCELLA, in her
    official capacity as Deputy
    Assistant Secretary for Population
    Affairs; and

4.  OFFICE OF POPULATION
    AFFAIRS,

    *Defendants-Appellees*.

Case No.   24-6063

---

### PLAINTIFF-APPELLANT'S AGREED MOTION TO SET EXPEDITED
### BRIEFING AND ARGUMENT SCHEDULE

---

Pursuant to 28 U.S.C. § 1657(a), Fed. R. App. P. 27, and 10th Cir. R. 27.5(A)(7), Appellant, the State of Oklahoma, which faces imminent loss in significant federal funding, respectfully requests that this Court establish the

following agreed expedited briefing schedule. Proceeding with the following schedule would enable this Court to issue a decision in the case before Oklahoma's upcoming funding loss takes effect:

- Plaintiff-Appellant's Opening Brief and Appendix:

  - April 19, 2024

- Defendants-Appellees' Response Brief and Any Appendix:

  - May 10, 2024

- Plaintiff-Appellant's Reply Brief:

  - May 20, 2024

- Oral Argument:

  - To be Set at the Court's Discretion

- Requested Decision Date:

  - No later than July 15, 2024

Defendants-Appellees (collectively referred to as "HHS") agree to this proposed schedule. Oklahoma requests oral argument on this matter and respectfully requests that the Court specially set oral argument on this appeal on a date after the briefing is closed that allows the Court an adequate amount of time to review the briefs and issue a decision by mid-July 2024. Oklahoma is aware that the Court has oral arguments fully scheduled for the May Session of Court from May 14-17, 2024, and that it is unlikely that this matter can be settled during that Session. While Oklahoma

is not opposed to a briefing schedule that allows this matter to be set for oral argument during the May Session, Defendants-Appellees request at least 21 days in which to complete and file their Response Brief from the filing of Oklahoma's Opening Brief. Oklahoma is further aware that the Court does not have another Session of Court scheduled until September 2024.

Oklahoma submits that an expedited schedule is appropriate given the following facts and circumstances:

1.      For over fifty years, Oklahoma has received grants under Title X of the Public Health Service Act. Declaration of Tina Johnson, attached as Exhibit 1, at ¶ 8 (submitted as Exhibit 1 to Oklahoma's Motion for Preliminary Injunction in the Western District of Oklahoma). Through this program, HHS provides funds to states and other entities to operate "voluntary family planning projects" offering a "broad range of acceptable and effective family planning methods and services." 42 U.S.C. § 300a(a).

2.      In April 2022, HHS awarded a grant to Oklahoma in the amount of $4.5 Million per year for three years. Johnson Decl., Exh. 1, ¶ 9. Oklahoma, working through its Department of Health, in turn uses these federal funds to serve 68 county health departments, as well as the Oklahoma City-County Health Department and the Tulsa County Health Department, which provide critical family planning services to rural and urban Oklahoma communities. *Id.* ¶ 12.

3.      Section 1008 of Title X directs that no program funds "shall be used in programs where abortion is a method of family planning." 42 U.S.C. § 300a-6. HHS has argued, and courts have agreed, that this provision is silent and thus ambiguous with respect to whether the agency can condition Title X funds on grantees' engaging in abortion counseling and referral activities. *Ohio v. Becerra*, 87 F.4th 759, 775 (6th Cir. 2023). As a result, HHS has taken conflicting positions, depending on the administration in charge, on whether the agency may forbid, permit, or require Title X grantees to offer abortion counseling and referrals. *Id.* at 765.

4.      Most recently, in 2021, HHS adopted a rule that mandates both abortion counseling and referrals by Title X grantees. *See Ensuring Access to Equitable, Affordable, Client-Centered, Quality Family Planning Services*, 86 Fed. Reg. 56,144 (Oct. 7, 2021).

5.      The next summer, in June 2022, the U.S. Supreme Court issued *Dobbs v. Jackson Women's Health Organization*, 597 U.S. 215 (2022), holding that the U.S. Constitution does not require states to permit abortions. *Dobbs* in turn triggered Oklahoma's criminal abortion prohibition, which generally makes it illegal to provide abortions in the state and further makes it a felony to prescribe, advise, or procure any woman to have an abortion. Okla. Stat. tit. 21, § 861.

6.      In light of *Dobbs*, the Oklahoma Health Department spent months working with HHS, seeking guidance as well as proposing solutions in an effort to

remain in compliance with grant regulations while not running afoul of Oklahoma law. HHS was consistent in its position that Oklahoma must include abortion-education resources as part of family planning client counseling and that Oklahoma must comply or face consequences despite Oklahoma law. Johnson Decl. Exh. 1, at ¶ 21.

7.      On May 25, 2023, HHS issued a letter suspending Oklahoma's Title X grant on the basis that Oklahoma was out of compliance with Title X regulations. HHS later issued a notice of a decision to terminate Oklahoma's award on June 27, 2023.

8.      As a result, Oklahoma did not obtain its full $4.5 Million annual allotment of Title X funding for 2023. HHS instead allotted Oklahoma's funds to alternative Title X providers, with the bulk of the funding ($3.25 Million) going to a Missouri entity, Missouri Family Health Council to provide services in Oklahoma.

9.      Oklahoma filed an administrative appeal, upon which no meaningful action has been taken by HHS. Oklahoma then filed suit in the U.S. District Court for the Western District of Oklahoma alleging that HHS's grant-rescindment decision violated the U.S. Constitution, Title X, and the Administrative Procedures Act. Complaint, *Oklahoma v. Becerra, et al.*, No. 5:23-cv-1052-HE (W.D. Okla. Nov. 17, 2023).

10.    Because Oklahoma faced another $4.5 million in lost Title X funding in April 2024, Oklahoma filed a motion for preliminary injunction and stay under 5 U.S.C. § 705. Okla.'s Mot. for Prelim. Inj., W.D. Okla. Case No. 5:23-cv-1052-HE, Doc. 23. Oklahoma requested a decision by April 1, 2024, which is the traditional date by which HHS would identify Title X grant awardees.

11.    On March 26, 2024, following a hearing, the District Court denied Oklahoma's preliminary injunction motion. Document 010111025343, at page 9. Oklahoma filed this appeal on April 1, 2024.

12.    On March 29, 2024, and April 3, 2024, counsel for both sides met and conferred regarding this matter. That conversation resulted in an agreement that would obviate the need for Oklahoma requesting immediate relief from this Court and associated emergency-motion practice. Specifically, counsel for HHS has advised that HHS can voluntarily reserve, on a temporary basis, Title X funding in an amount (approximately $4.5 Million) sufficient to preserve Oklahoma's ability to later access its 2024 title X allocation should Oklahoma prevail in this appeal. The expedited schedule proposed is designed to allow the Court sufficient time to consider the matter while also allowing HHS sufficient time to obligate funds before the end of the fiscal year. The parties agree that the deadlines requested herein reflect a reasonable amount of time to complete briefing.

13.    The schedule proposed above is also designed to allow the Court to hear and decide this case without need for emergency motions practice. Oklahoma is, of course, prepared to proceed with this appeal consistent with any schedule this Court deems appropriate given the requested decision date of mid-July 2024.

14.    Counsel for HHS has authorized the undersigned to state that HHS consents to this proposed schedule and to the request for disposition of this appeal by mid-July 2024.

Respectfully submitted,

*s/ R. Tom Hillis*
Garry M. Gaskins, II, OBA # 20212
*Solicitor General*
Zach West, OBA # 30768
*Director of Special Litigation*
Audrey Weaver, OBA # 33258
*Assistant Solicitor General*
OFFICE OF ATTORNEY GENERAL
STATE OF OKLAHOMA
313 N.E. 21st St.
Oklahoma City, OK 73105
Phone: (405) 521-3921
Garry.Gaskins@oag.ok.gov
Zach.West@oag.ok.gov
Audrey.Weaver@oag.ok.gov

AND

Barry G. Reynolds, OBA # 13202
R. Tom Hillis, OBA # 12338
J. Miles McFadden, OBA # 30166
TITUS HILLIS REYNOLDS LOVE, P.C.
15 E. 5th St., Suite 3700
Tulsa, OK 74103

Phone: (918) 587-6800
Fax:   (918) 587-6822
reynolds@titushillis.com
thillis@titushillis.com
jmcfadden@titushillis.com

AND

Anthony J. (A.J.) Ferate, OBA # 21171
SPENCER FANE
9400 North Broadway Extension,
Suite 600
Oklahoma City, OK 73114
Phone: (405) 844-9900
Fax:   (405) 844-9958
AJFerate@spencerfane.com

*ATTORNEYS FOR PLAINTIFF,*
*THE STATE OF OKLAHOMA*

## **CERTIFICATE OF COMPLIANCE**

I certify that this Motion is proportionately spaced using 14-point Times New Roman font and has 1500 words, calculated by Microsoft Word.

*/s/ R. Tom Hillis*
R. Tom Hillis

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of April 2024, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Michael Patrick Clendenen
michael.p.clendenen@usdoj.gov

Alexandra R. Saslaw
alexandra.r.saslaw@usdoj.gov

*/s/ R. Tom Hillis*
R. Tom Hillis