

**U.S. Department of Justice**
Civil Division

Tel:  202-616-5446

VIA CM/ECF

June 3, 2024

Office of the Clerk
United States Court of Appeals for the Tenth Circuit
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

RE:   *Oklahoma v. HHS*, No. 24-6063 (oral argument held May 31, 2024)

To Whom It May Concern:

    This Court held oral argument in this case on May 31, 2024.  At argument, counsel noted that the Department of Health and Human Services, Office of the Assistant Secretary for Health administrative review panel rendered a decision in the administrative appeal filed by the Oklahoma State Health Department.  A copy of that May 13, 2024 decision is attached.

    Sincerely,

    *s/ Brian J. Springer*
    Brian J. Springer
    Attorney

cc:     all counsel (via CM/ECF)

## CERTIFICATE OF COMPLIANCE

      This letter complies with the type-volume limit of Federal Rule of Appellate Procedure 28(j) because the body of the letter contains 58 words.

      *s/ Brian J. Springer*
      BRIAN J. SPRINGER

## CERTIFICATE OF SERVICE

      I hereby certify that on June 3, 2024, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system. Participants in the case are CM/ECF users and service will be accomplished by the appellate CM/ECF system.

      *s/ Brian J. Springer*
      BRIAN J. SPRINGER



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**  Office of the Secretary

Office of the Assistant Secretary for Health
Washington, D.C. 20201

May 13, 2024

Jill Nobles-Botkin
Project Director/Principle Investigator

Bethany J. Ledel
Authorized Official

Oklahoma State Health Department
123 Robert S. Kerr Avenue
Oklahoma City, OK 73102-6406

Dear Director Nobles-Botkin:

This is a decision by the Department of Health and Human Services, Office of the Assistant Secretary for Health (OASH) administrative review panel ("Review Panel" or "Panel") in response to an administrative appeal by the Oklahoma State Health Department (OSHD) of a decision by the Office of Population Affairs (OPA) to not fund Oklahoma's Title X continuation award, FPHPA006507.

After careful review and assessment, the Review Panel has concluded that OPA was correct in terminating Oklahoma's Title X award. In accordance with 42 C.F.R. § 50.406(h), OSHD has the right to appeal this decision to the Departmental Appeals Board under 42 CFR Part 16.

## Introduction

The mission of the Department of Health and Human Services (HHS) OPA is to promote health across the reproductive lifespan through innovative, evidence-based adolescent health and family planning programs, services, strategic partnerships, evaluation, and research. Among its activities, OPA administers the Title X Family Planning Program, ensuring access to a broad range of medically-sound effective family planning and preventive health services for millions of low-income or uninsured individuals at more than 4,000 sites nationwide. Title X is a critical part of the social safety net and Title X sites provide services to a racially and ethnically diverse set of clients to support individuals to live the healthiest lives they can.

Through the Title X program, OPA funds grantees across the United States to deliver equitable, affordable, client-centered, and high-quality family planning and preventive health services. These grantees must ensure that services are provided in a manner that is client-centered, culturally and linguistically effective, inclusive, and trauma-informed; protects the dignity of the individual; and ensures equitable and quality service delivery consistent with nationally

recognized standards of care. This document summarizes our review of OPA's decision to terminate the OSHD Title X award for FY 2023.

In June 2023, the OASH informed the OSHD that HHS was terminating its Title X award.[1] Because OSDH had limited its non-directive counseling for pregnant patients to options available legally in Oklahoma and declined to provide a mechanism for referrals for abortion services upon patient request, OASH's Office of Population Affairs determined that Oklahoma was out of compliance with the regulatory requirements of Title X. Unable to bring the OSDH program into compliance, OASH ultimately determined that termination of Oklahoma's award was "in the best interests of the government[.]"[2]

On July 27, 2023, OSDH submitted a timely notice of appeal seeking review of HHS's decision and explaining why Oklahoma believes the "condition requiring recipients to counsel on abortion services is contrary to law and exceeds statutory authority".[3] In accordance with 42 C.F.R. Part 50, HHS OASH convened this administrative review panel to evaluate whether OASH's decision was correct. On December 6, 2023, OPA submitted to this Panel the explanation for OASH's decision, arguing that the termination was "justified and supported by the Title X statutory authorities, the Title X regulations, and decades of agency practice. And OSDH's challenge to the Title X regulations is outside the scope of the administrative appeals process outlined at 42 C.F.R. part 50, subpart D."[4]

After careful review of the submissions of both parties and the applicable law and regulations, the Review Panel finds that OASH's decision to terminate OSHD's Title X grant was correct. OSHD's arguments to this Panel center primarily on the validity of the applicable regulation, which is beyond the purview of this panel.[5] Since *Roe* was overruled, Oklahoma may discourage abortions by making performance of them illegal; it may not, however, continue to receive Title X funds to support its family planning program if it does not inform pregnant patients of abortion as an option and declines to provide a mechanism for referrals to out-of-state abortion providers upon request.

**Title X Regulations Pertaining to Pregnancy Counseling and Abortion Referrals**

For most of its existence, Title X has required grant recipients to offer pregnant patients the opportunity to receive non-directive counseling regarding various options, including pregnancy termination, and referral to abortion providers upon request.[6] HHS instituted this requirement,

---

[1] June 27, 2023, letter from S. Moore, PhD, JD, OASH Chief Grants Management Official to J. Nobles-Botkin and B. Ledel (Tab X). Tab references are to the attachments to OPA's December 6, 2023 Responsive Memo "Response to Oklahoma Appeal of Decision to Terminate Award."

[2] June 27, 2023, letter from S. Moore, PhD, JD, OASH Chief Grants Management Official to J. Nobles-Botkin and B. Ledel (Tab X) at 1-2; *see also* May 24, 2023, letter from J. Marcella to J. Nobles-Botkin (Tab U); May 25, 2023, letter from S. Moore, PhD, JD to J. Nobles-Botkin and B. Ledel (Tab V).
[3] July 27, 2023, letter from L. Martinez-Leeper to R. Levine ("Notice of Appeal") (Tab EE), at *4.
[4] Dec. 6, 2023, OPA responsive memo from J. Marcella to the Office of the Assistant Secretary Review Committee ("OPA Resp.") at 1.
[5] *See, e.g.,* 45 C.F.R. § 16.14(d) ("The [reviewing body] shall be bound by all applicable laws and regulations.")
[6] *Id*. at 2.

without notice-and-comment rulemaking, in 1981.[7] In 1988, the agency reversed course and, through notice-and-comment rulemaking, prohibited counseling and referrals for abortions.[8] That rule was quickly challenged - The U.S. Supreme Court found the statute to be ambiguous as to referrals for abortion and held that *Chevron* deference applied.[9] Accordingly, the Court deferred to HHS' interpretation and upheld the 1988 rule as a permissible interpretation of Title X. But before the rule was implemented nationwide, HHS announced its intention to engage in new notice-and-comment rulemaking on the subject.[10] The pregnancy termination counseling and referral mandate was reinstated through interim guidelines in 1993 and confirmed by a new final rule in 2000.[11] This approach remained until 2019.[12]

In 2019, HHS engaged in notice-and-comment rulemaking to again prohibit abortion counseling and referrals.[13] HHS once more engaged in notice-and-comment rulemaking to rescind the 2019 prohibition and to revive the counseling and referral mandate that had been in place almost continuously since 1981.[14] The text of the regulation currently reads:

> (a) Each project supported under this part must: . . .
>> (5) Not provide abortion as a method of family planning. A project must:
>>> (i) Offer pregnant clients the opportunity to be provided information and counseling regarding each of the following options:
>>>> (A) Prenatal care and delivery;
>>>> (B) Infant care, foster care, or adoption; and
>>>> (C) Pregnancy termination.
>>> (ii) If requested to provide such information and counseling, provide neutral, factual information and nondirective counseling on each of the options, and, referral upon request, except with respect to any option(s) about which the pregnant client indicates they do not wish to receive such information and counseling.[15]

In October 2021, Oklahoma and eleven other states challenged re-implementation of the pregnancy termination counseling and referral mandate in the U.S. District Court for the Southern District of Ohio and sought a preliminary injunction preventing implementation of the revised rule.[16] In denying the plaintiffs' request for a preliminary injunction, the district court found plaintiffs did not have a likelihood of success on the merits and upheld HHS's decision to

---

[7] *See Ohio v. Becerra*, No. 21-4235 (6th Cir. Nov. 30, 2023), slip op. at 3; 87 F.4th 759, 765-76 (2023).

[8] *Id.* slip op. at 4; 87 F.4th at 766.

[9] *Id.*

[10] 65 Fed. Reg. 41,270, 41,271 (July 3, 2000).

[11] *See* 58 Fed. Reg. 7462 (Feb. 5, 1993); 65 Fed. Reg. 41,270, 41, 271 (July 3, 2000).

[12] *Ohio v. Becerra,* No. 21-4235, slip op. at 5.

[13] *Id.*

[14] *Id.*; Ensuring Access to Equitable, Affordable, Client-Centered, Quality Family Planning Services, 86 Fed. Reg. 56144 (Oct 7, 2021) (Tab E); 45 C.F.R. § 59.5(a)(5) (Tabs B and C) ("2021 Rule"); *Ohio v. Becerra,* No. 21-4235, slip op. at 4.

[15] 45 C.F.R. § 59.5(a)(5)

[16] *Ohio v. Becerra*, No. 21-4235, slip op. at 6; 87 F.4th at 767-68.

3

require non-directive pregnancy termination counseling and abortion referrals upon request as a permissible interpretation of the statute.[17]

The plaintiff States appealed the preliminary injunction decision to the U.S. Circuit Court of Appeals for the Sixth Circuit. A motions panel of the Sixth Circuit denied the plaintiffs' request to stay implementation of the rule while the appeal was pending.[18] On November 30, 2023, a separate panel of the Sixth Circuit ruled on the merits and issued its opinion affirming the district court's ruling with respect to the counseling and referral mandate.[19] The Sixth Circuit agreed with the district court that the counseling and referral mandate is a permissible interpretation of the statute supported by notice-and-comment rulemaking and that the agency had articulated a sufficient explanation for the choices made in promulgating that aspect of the final rule.[20]

**Events Leading to OASH's Decision to Terminate Oklahoma's Title X Award**

OSHD and OASH are largely in agreement as to the facts leading to OASH's decision to terminate Oklahoma's award. After the U.S. Supreme Court overruled *Roe* in June 2022, OPA developed and released a questions and answers document to provide guidance and clarification for Title X recipients regarding the impact of the decision. In this Q&A, OPA clarified that even if a Title X recipient is located in a state with laws that could be interpreted to prohibit abortion counseling and referral, the recipient is required to offer pregnant clients information and counseling regarding pregnancy termination, and if requested a referral. OPA and OSHD subsequently corresponded regarding OSHD's compliance with the counseling and referral requirements of Title X.

In August 2022, after Oklahoma's abortion prohibition was reinstated in the wake of *Dobbs*, OSHD submitted to OPA a proposed policy change.[21] Specifically, OSHD proposed providing pregnant patients with the link to HHS's website, along with the following statement:

> In the State of Oklahoma, the only option for terminating a pregnancy is to protect the life of the expectant mother. As such, abortion is a medical diagnosis and procedure which should be made in consultation with a licensed physician.[22]

On November 9, 2022, OPA informed OSHD this policy would not be compliant with the applicable Title X regulation.[23] *See* 42 CFR § 59.5(a)(5).

---

[17] *Ohio v. Becerra*, 577 F. Supp. 3d 678, 698 (S.D. Ohio 2021).
[18] *Ohio v. Becerra*, No. 21-4235, 2022 WL 413680 (6th Cir. Feb. 8, 2022), at *1 (concluding the plaintiff states had not demonstrated they would be irreparably harmed without the injunction).
[19] *Ohio v. Becerra*, No. 21-4235 (6th Cir. Nov. 30, 2023). The Sixth Circuit reversed the district court with respect to the program separation portions of the regulation, but that ruling is not relevant to the matter before the Review Panel. *Ohio v. Becerra*, No. 21-4235, slip. op. at 17-24; 87 F.4th at 775-80.
[20] *Id.* slip op. at 16-17; 87 F.4th at 775.
[21] August 29, 2022 email from J. Marshall, MPH to C. Hall, A. Margolis, J. Marcella, J. Nobles-Botkin, M. Fry (Tab I).
[22] *Id.*
[23] OPA's Response to Options Counseling Request, November 9, 2022 (Tab K).

OSHD requested reconsideration of this assessment on November 22, 2022. On January 25, 2023, OPA reiterated that the proposed policy changes did not comply with Title X counseling and referral requirements and informed OSDH that it must provide written assurance of its compliance. (Tab M). In that letter, OPA offered three potential options for compliance, including providing referrals to an out-of-state entity that provides nondirective options counseling.

On February 16, 2023, OSDH submitted an alternative proposal for compliance, which included providing nondirective counseling on all pregnancy options by OSDH staff or through the All-Options Talkline, an out-of-state entity. On March 1, 2023, OPA informed OSHD that the new proposal complied with the Title X regulatory requirements at 42 CFR § 59.5(a)(5). On March 14, 2023, OSHD followed up with its revised policy, which incorporated the changes from the updated proposal. On March 21, 2023, Oklahoma submitted a written assurance of compliance with the options counseling and referral requirements in the 2021 Title X Final Rule. On March 23, 2023, OPA posted two documents on GrantSolutions (a letter dated March 1, 2023, and a printout of a Technical Review, Exported on March 20, 2023). Those documents informed OSHD that OPA had determined that OSHD's policy complied with the Title X regulations.

However, on May 5, 2023, OSHD notified OPA by email that it had changed its family planning program policy effective late afternoon of April 27, 2023, due to a change in Oklahoma law and submitted a revised version of the policy that it had submitted in March 2023. The revised version no longer included counseling and referral through the All-Options Talkline and instead included a new instruction to provide nondirective counseling on "pregnancy options in Oklahoma," rather than counseling on all pregnancy options.

On May 24, 2023, OPA informed OSDH that these revisions were not compliant with Title X regulatory requirements. The letter stated that OSHD's policy did not meet Federal counseling and referral requirements because information, counseling and referral would not be available for all alternative courses of action but only for those options available under Oklahoma state law. Accordingly, OPA determined that OSHD's policy did not comply with the Title X regulatory requirements and, therefore, the terms and conditions of OSHD's grant. OPA notified OSHD that the matter had been referred to the OASH's Grants and Acquisitions Management Division.

On May 25, 2023, the OASH Chief Grants Management Officer (OASH-CGMO) informed OSHD that because it "was out of compliance with the Title X regulations, OSHD [was] also out of compliance with the terms and conditions of [the award]." The OASH-CGMO informed OSHD that its award was being suspended, although compliance would be reassessed in 30 days. During a subsequent meeting with OPA to discuss OSHD's efforts to come into compliance during the first 30 days of the suspension period, OSDH stated its belief it would not be able to comply with the Title X regulation. As a result, on June 27, 2023, the OASH-CGMO informed OSHD that its award was terminated pursuant to 45 CFR § 75.372.

**<u>Some of OSHD's Appeal Is Not Within the Purview of this Review Panel & OPA's Decision to Terminate OSHD's Appeal Was Correct</u>**

The Review Panel was tasked with evaluating whether OASH's termination of the OSHD grant was correct under current regulations pertaining to Title X family planning programs. The scope

of the Panel's inquiry is limited to evaluating whether OPA's application of the duly enacted regulations was correct and whether OASH's termination of Oklahoma's award was correct.[24] OSHD's appeal, on the other hand, hinges substantially on the purported invalidity of the nondirective counseling and referral mandate embodied by 45 CFR § 59.5(a)(5).[25] Arguments pertaining to the validity of the regulation and challenging its constitutionality are beyond the purview of this Panel—and those are the primary arguments OSHD makes.[26]

With the validity of the regulation as a foundational premise, this Panel reviewed the grant termination decision for correctness. OSHD proposed changes to its policies regarding pregnancy counseling and referral that OPA advised would take the program out of compliance with Title X regulations. OSHD asked OPA to reconsider that assessment, and OPA reiterated its assessment and suggested three alternatives to bring the program into compliance. OSHD chose a combination of two of those alternatives and thereby secured OPA's approval. After accepting funds in the new fiscal year, OSHD informed OPA that it had modified its policy to limit pregnancy counseling and referrals to those options legally available in Oklahoma. OSHD provided arguments about state law limitations with respect to abortion counseling. OPA suspended OSHD's award and attempted to bring the program into compliance. OPA endorsed a method of providing referrals that would not involve personnel located in Oklahoma. In response to this remedy, OSHD made clear that it was not going to bring its program into compliance.[27] Because Title X regulations require pregnancy counseling regarding all options and abortion referrals upon request, OASH was justified in terminating Oklahoma's award.

## Conclusion

The government has a strong interest in ensuring its rules are followed, and OASH was correct in terminating Oklahoma's Title X award. When OSHD declined OPA's proposed methods of

---

[24] *See 42* C.F.R. § 50.404(a)(1) (noting the informal review panel process is available for "termination, in whole or in part, of a grant for failure of the grantee to carry out its approved project in accordance with the applicable law and terms and conditions of such assistance or for failure of the grantee to otherwise comply with any law, regulation, assurance, term or condition applicable to the grant").

[25] Federal courts have already opined on some of the legal challenges raised by this appeal. *See Ohio v. Becerra*, No. 21-4235 (6th Cir. Nov. 30, 2023). In a lawsuit brought by Oklahoma and eleven other states, both the U.S. District Court for the Southern District of Ohio and the U.S. Circuit Court of Appeals for the Sixth Circuit upheld the portion of the 2021 Rule pertaining to the counseling and referral mandate as a valid and constitutional interpretation of Title X. *Ohio v. Becerra*, No. 21-4235 (6th Cir. Nov. 30, 2023), slip. op. at 16-17; *Ohio v. Becerra*, 577 F. Supp. 3d 698. The Panel renders its decision within the context of this legal landscape.

[26] The Panel further notes that Oklahoma has filed a challenge to HHS's enforcement of the regulation in federal court. *See Oklahoma v. U.S. Dept. of Health and Human Services*, Case No. 23-CV-01052 (W.D. OK Nov. 17, 2023). Activity in the challenge is currently stayed "pending the Tenth Circuit's resolution of [Oklahoma's] appeal of [the] court's denial of its motion for a preliminary injunction." Order, Apr 18, 2024, ECF No. 47; *see also* Order, Mar. 26, 2024, ECF No. 36.

[27] OPA's proposal failed to reconcile Title X with Oklahoma's new law. OASH terminated Oklahoma's award because a state may not circumvent duly promulgated federal regulatory requirements simply by-passing contradictory state legislation.

6

reconciling Oklahoma law with the extant obligations of Title X, OASH had no alternative but to not fund Oklahoma's Title X continuation award.

                                                           Respectfully Submitted,

*B. Kaye Hayes*
B. Kaye Hayes, MPA
Deputy Assistant Secretary for Health – Infectious Disease and HIV Policy
Chair, OASH Review Committee


Michael F. Iademarco, MD, MPH
RADM, US Public Health Service
Deputy Assistant Secretary for Health – Science and Medicine


David M. Johnson, MPH
Deputy Assistant Secretary for Health – Regional Health Operations